UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JORGE A. C. HEYLOCK**<br>    **BOP# 55451-018** | : | **CIVIL ACTION NO. 2:15-cv-660**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **YVETTE CLAIRGRAY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jorge Alfredo Colomer Heylock ("Heylock"). Heylock is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

From the scant information provided by plaintiff's complaint, Heylock entered a guilty plea to "possession with intent" and sentenced in March 2012 by the United States District Court for the Middle District of Florida to 168 months incarceration. Doc. 1, pp. 1–2.  Heylock claims to have appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. *Id.* at 2.  In response to a question asking for disposition of that appeal, Heylock states "attorney makes false statements saying I voluntarily [illegible] my appeal.  *Id.*  He claimes to have filed a motion

to vacate pursuant to 28 U.S.C. § 2255 but attaches no pleadings and gives no information about the outcome of that litigation. *Id.* at 3.

On March 15, 2015, Heylock signed and dated the instant *habeas* petition (received and filed by the court on March 19, 2015). *Id.* at 5.  He lists as Ground One of his claim "USCG picked me up in Honduran waters not International waters" and as facts to support that ground "my attorney tricks me into [illegible] my appeal."  *Id.* at 4.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Heylock collaterally attacks his incarceration. He challenges the imposition of the sentence and not its execution. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   A prisoner seeking such relief under the savings clause must establish that:

(1) his claim is based on a retroactively applicable Supreme Court decision which establishes that

he may have been convicted of a nonexistent offense and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 903–04.  Petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Heylock does not satisfy the criteria set forth above. He does not point to a retroactively applicable Supreme Court decision nor does he maintain that his claim was foreclosed by circuit law when it should have been previously raised.

### III.
#### CONCLUSION

Since Heylock has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 30th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE